John A. McGuinn, Esq. (State Bar No. 036047)
Carolyn A. Leary, Esq. (State Bar No. 226845)
McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Tel:   415-421-9292
Fax:   415-403-0202

Attorneys for Plaintiffs
WILLIAM SCHECHNER
JOHN LOBERTINI

**DENIED**
*Judge Marilyn H. Patel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SCHECHNER and JOHN LOBERTINI,<br><br>            Plaintiffs,<br><br>v.<br><br>KPIX-TV, and CBS BROADCASTING, INC.,<br><br>            Defendants. | Case No. CV 08-05049 MHP<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S JULY 15, 2010 DISMISSING OF PLAINTIFFS' CLAIMS FOR WAGE RELATED DAMAGES**<br><br>Complaint Filed:   October 16, 2008<br>Date of Removal:  November 5, 2008<br>Trial Date:       No date set. |

## I.  INTRODUCTION AND RELIEF SOUGHT

Plaintiffs William Schechner and John Lobertini ("Plaintiffs") bring this Motion based on Civil Local Rule 7-9(b)(3), pursuant to which a party may seek leave to file a motion for reconsideration of an interlocutory order where there has been a manifest failure to consider material facts or dispositive legal arguments. Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a Motion for Reconsideration of the Court's Memorandum and Order of

July 15, 2010 (the "Order"), and specifically the Court's decision to grant Defendants' Motion for Summary Judgment with respect to Plaintiffs' prayer for lost wages. Because the Court's decision does not consider the material fact that Plaintiffs' claims for age discrimination (and the damages flowing from that discrimination) arise from *statute* rather than *contract,* the Court held that Plaintiffs' failure to offer evidence of their entitlement to *"contract-based damages"* was fatal to their prayer for lost wages. With all due respect, Plaintiffs submit that the Court's failure to consider the fact that Plaintiffs' Complaint does not state a cause of action sounding in contract was "a manifest failure to consider material facts or dispositive legal argument" such that Plaintiffs should be granted leave to file a motion for reconsideration under Civil Local Rule 7-9(b)3.

II.  **PROCEDURAL HISTORY**

As the Court correctly noted in its Order, the parties fully briefed the issue of age discrimination under a theory of disparate treatment, but the remaining issues presented to the Court for summary judgment were only summarily addressed by the parties. Accordingly, the Court granted Defendants' Motion with respect to Plaintiffs' claims for disparate treatment, but prudently refrained from making a final ruling with respect to its denial of Defendants' Motion on Plaintiffs' disparate impact claims. Rather than denying Defendants' motion outright, the Court ordered additional briefing so that the issue "might be adequately addressed by the parties" prior to the Court's final ruling. Order at p. 15:19-24. Should the Court grant Plaintiffs leave to file a Motion for Reconsideration, Plaintiffs would ask that the Court afford Plaintiffs and Defendants a similar opportunity to more fully brief Plaintiffs' prayer for wage loss. This prayer, like Plaintiffs' claims for disparate impact, was addressed only summarily in the parties' papers. In their briefs, neither Defendant nor Plaintiff spent more than a paragraph arguing the merits of this prayer. Accordingly, the Court was presented with a dearth of legal or factual

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
2

argument on the issue of wage loss, just as it was presented with a dearth of argument with respect to disparate impact.

### III. ARGUMENT

Wage loss is a species of economic damage that can arise from claims sounding in contract, tort or claims arising from statute. In contract based actions, wage loss is measured by the benefit the aggrieved party would have received under the contract. Rest. 2d Contracts § 344. In contrast, where the party's wage loss arises from a tort or statutory claim, such as wrongful termination on the basis of age, the aggrieved party's damages are not so easily measured. One of the purposes of damages awarded in tort is to "put an injured person in a position as nearly as possible equivalent to his position prior to the wrongful conduct." *Rest.2d Torts* § 901.

Without the benefit of full briefing by the parties, the Court held that "plaintiffs have not provided evidence that they are entitled to any ***contract-based damages*** for economic loss" because the Plaintiffs had received the full benefit of their contract. Order at 15:24 – 16:2 (emphasis added). Plaintiffs did indeed fail to submit evidence that they were entitled to contract-based damages because they are not seeking such relief. Instead, Plaintiffs seek damages based in statute, under the Fair Employment and Housing Act ("FEHA"). Under a FEHA claim for age discrimination, the fact that Defendants paid out Plaintiffs' contract is not dispositive as to whether Plaintiffs' have suffered a wage loss as a result of their wrongful termination.

Plaintiffs respectfully submit that the Court's ruling that Plaintiffs' failed to present evidence of their entitlement to "***contract-based damages***" represents a failure to consider material facts or dispositive legal argument because the Court failed to recognize that Plaintiffs

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
3

were seeking wage based damages pursuant to statute, not contract. This error was undoubtedly due to the paucity of the parties' briefing on the issue.

IV. **CONCLUSION**

If allowed to submit additional briefing on this issue, Plaintiffs would offer the Court a more fully fleshed out explanation of the distinction between damages flowing from a wrongful termination based in statute or tort, and a termination stemming from breach of contract. Similarly, Defendants would have the opportunity to bolster their position with additional argument. Because Plaintiffs believe this additional briefing would allow the Court to reconsider its ruling and correct a manifest error to consider material facts (that the claims asserted by Plaintiff are *not* contract claims), Plaintiffs respectfully seek leave to file a Motion for Reconsideration on the issue of Plaintiffs' wage loss.

Dated: August 4, 2010                                McGUINN, HILLSMAN & PALEFSKY
                                                     Attorneys for Plaintiffs


                                                     By: _____/S/_____
                                                              John A. McGuinn

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
4